IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                                  |
|------------------------------|---|----------------------------------|
| ODELL A. NEAL, II            | : |                                  |
|                              | : |                                  |
| v.                           | : | Civil Action No. DKC 2005-0173   |
|                              | : |                                  |
| PRIORITY ONE SERVICES, INC., |   |                                  |
| et al.                       | : |                                  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendants'
motion to vacate default.  The issues are briefed and the court
now rules pursuant to Local Rule 105.6, no hearing being deemed
necessary.  For the following reasons, the motion will be
granted.

**I. Background**

Plaintiff filed this case on January 21, 2005, alleging
violations of the Americans with Disabilities Act (ADA), 42
U.S.C. § 12203 (a) and Section 704(a) of Title VII, 42 U.S.C. §
2000e-3(a).  Plaintiff alleges that he was terminated from his
employment because of an injury and his need to receive
accommodations.  Plaintiff filed returns of service on the
Defendants on March 8, 2005, reciting that they had been served
by certified mail on January 31, 2005.[1]  Plaintiff also sought
entry of default at that time.  On May 25, 2005, the clerk

---

[1]  The return receipts were signed by Alice Freeze.
Defendants do not concede that service was proper.

entered defaults against the Defendants, copies of which were
mailed to Defendants.  The court then received a letter from
Pamela L. Fontenot, Director of Human Resources, stating that
Defendants had mailed a response to the complaint to the court,
to Plaintiff, and to Plaintiff's counsel on February 4, 2005.
A copy of the response, which takes the form of a letter to
Plaintiff's counsel with a paragraph by paragraph response to
the complaint, and accompanied with contemporaneous exhibits,
was attached to the cover letter.  The court, having no record
of receiving the response, wrote to Ms. Fontenot on June 6,
2005, stating that no response had previously been received and
advising her that the corporation had to have counsel and that
an individual defendant must personally sign papers filed with
the court.  She was further advised that defaults had been
entered and that if either Defendant wished to contest that
action, a motion to vacate should promptly be filed.  Plaintiff
then filed a motion for default judgment and the court referred
the matter to magistrate Judge Day for determining the amount of
damages.

On July 25, 2005, Defendants filed a motion to vacate entry
of default, reciting the above stated chronology, and amplifying
that, upon receipt of the court's letter of June 6, 2005, the
corporation contacted an attorney who normally represented the

corporation, but is not admitted to this court.  Defendants'
search for counsel was conducted diligently, they assert, they
have meritorious defenses to the claims, and thus their earlier
default should be set aside.

Plaintiff understandably opposes the motion, and asserts
that the standard for vacating the defaults has not been met.
For the reasons that follow, the motion will be granted.

## II.  Standard of Review

Rule 55(c) of the Federal Rules of Civil Procedure provides
that "[f]or good cause shown the court may set aside an entry of
default and, if a judgment by default has been entered, may
likewise set it aside in accordance with Rule 60(b)."  In this
case, a default judgment has not yet been entered and the court
decides the motion to vacate entry of default under the "good
cause" standard of Fed.R.Civ.P. 55(c), as opposed to the more
rigorous standard of Rule 60(b).  The disposition of a motion
to set aside an entry of default under Rule 55(c) lies largely
within the discretion of the district judge.  *Consol. Masonry &
Fireproof, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th
Cir. 1967). The clear policy of the federal rules is to
encourage disposition of claims on their merits. *Reizakis v.
Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974); *Tolson v.* Hodge, 411
F.2d 123, 130 (4th Cir. 1969).

3

As stated by the Fourth Circuit, "[a] movant must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 897 (4th Cir. 1987); *Cent. Operating Co. v. Util. Workers of Am.,* 491 F.2d 245, 252 (4th Cir. 1974). In addition, the court may consider whether the moving party acted with reasonable promptness, and whether the party has been disadvantaged by the errors or neglect of his attorney, *see Moradi*, 673 F.2d at 728; *Consol. Masonry*, 383 F.2d at 251.

## III. Analysis

Defendants have established the necessary prerequisites. The minor delay has not been prejudicial to Plaintiff. While there has been some delay, the case has not yet proceeded to a damages hearing. There is no showing of any diminution in Plaintiff's ability to present his case on the merits. Moreover, Defendants have shown that they have meritorious defenses to the claims, as that term applies:

> "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor*

4

> *Contracting Corp.*, 843 F.2d 808. 812 (4th
> Cir. 1988). *See also Moradi*, 673 F.2d at
> 727 ("all that is necessary to establish the
> existence of a 'meritorious defense' is a
> presentation or proffer of evidence, which,
> if believed, would permit either the Court
> or the jury to find for the defaulting
> party."). Thus, the moving party does not
> have to prove conclusively that he would
> prevail, only that there is sufficient
> evidence to permit a court to find in his
> favor.

*Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 718 (D. Md. 2001).

Finally, there is no challenge to Defendants' assertion that they tried to respond to the complaint in a very timely manner, albeit unsuccessfully.  When notified on the entry of default, they also promptly contacted the court to advise of their earlier attempts to respond to the complaint.  The time between that correspondence and the filing of the motion was not overly long, and has been explained by the need to secure counsel who is admitted to practice before this court.  Plaintiff's argument that Defendants' decision to try to represent themselves somehow shows culpability is unavailing.  It is not unusual for corporations unfamiliar with litigation to try to keep costs lower by filing answers through officers.

**IV. Conclusion**

In sum, the court concludes that Defendants' motion to vacate entry of default should be granted.   It follows that Plaintiff's motion for judgment by default will be denied.   A separate order will be entered.


                                                _____/s/_____

                                                DEBORAH K. CHASANOW
                                                United States District Judge

                                                September 2, 2005